UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:22-CR-100-REW-MAS

UNITED STATES OF AMERICA                                              PLAINTIFF

V.            **UNITED STATES'S PROPOSED JURY INSTRUCTIONS**

KELLY HARRIS
NEAL HARRIS                                                            DEFENDANTS

\* \* \* \* \*

In accordance with the Court's pretrial order, Docket Entry 17, the United States, through counsel, submits the following proposed jury instructions. The United States respectfully reserves the right to withdraw or supplement instructions based on the evidence presented at the trial, as the Court permits.

                                    Respectfully submitted,

                                    CARLTON S. SHIER, IV
                                    UNITED STATES ATTORNEY

                        By:    /s/ Kate K. Smith
                               Kate K. Smith
                               Assistant United States Attorney
                               260 W. Vine Street, Suite 300
                               Lexington, Kentucky 40507-1612
                               (859) 685-4855
                               FAX (859) 233-2747
                               kate.smith@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

On February 21, 2024, I electronically filed this document through the ECF system, which will send the notice of electronic filing to counsel of record.

<u>/s/ Kate K. Smith</u>
Assistant United States Attorney

Instruction No. __: Sixth Circuit Pattern Jury Instruction No. 1.01
Introduction

Instruction No. __: Sixth Circuit Pattern Jury Instruction No. 1.02
Jurors' Duties

Instruction No. __: Sixth Circuit Pattern Jury Instruction No. 1.03
Presumption of Innocence, Burden of Proof, Reasonable Doubt

Instruction No. __: Sixth Circuit Pattern Jury Instruction No. 1.04
Evidence Defined

Instruction No. __: Sixth Circuit Pattern Jury Instruction No. 1.05
Consideration of Evidence

Instruction No. __: Sixth Circuit Pattern Jury Instruction No. 1.06
Direct and Circumstantial Evidence

Instruction No. __: Sixth Circuit Pattern Jury Instruction No. 1.07
Credibility of Witnesses

Instruction No. __: Sixth Circuit Pattern Jury Instruction No. 1.08
Number of Witnesses

Instruction No. __: Sixth Circuit Pattern Jury Instruction No. 1.09
Lawyers' Objections

Instruction No. __: Sixth Circuit Pattern Jury Instruction No. 2.01
Introduction

Instruction No. __: Sixth Circuit Pattern Jury Instruction No. 2.04
On or About

Instruction No. __: Sixth Circuit Pattern Jury Instruction 2.08
Inferring Required Mental State

Instruction No. __: Sixth Circuit Pattern Jury Instruction 7.13
Other Acts of Defendant

Instruction No. __: Sixth Circuit Pattern Jury Instruction 7.20
Statement by Defendant

<u>Instruction No. __</u>: Sixth Circuit Pattern Jury Instruction No. 8.01
Introduction

<u>Instruction No. __</u>: Sixth Circuit Pattern Jury Instruction No. 8.02
Experiments, Research, and Investigation

<u>Instruction No. __</u>: Sixth Circuit Pattern Jury Instruction No. 8.03
Unanimous Verdict

<u>Instruction No. __</u>: Sixth Circuit Pattern Jury Instruction No. 8.04
Duty to Deliberate

<u>Instruction No. __</u>: Sixth Circuit Pattern Jury Instruction No. 8.05
Punishment

<u>Instruction No. __</u>: Sixth Circuit Pattern Jury Instruction No. 8.06
Verdict Form

<u>Instruction No. __</u>: Sixth Circuit Pattern Jury Instruction No. 8.08
Verdict Limited to Charges Against this Defendant

<u>Instruction No. __</u>: Sixth Circuit Pattern Jury Instruction No. 8.09
Court Has No Opinion

<u>Instruction No. __</u>: Sixth Circuit Pattern Jury Instruction No. 8.10 (if appropriate)
Juror Notes

<u>Instruction No. __</u>: Sixth Circuit Pattern Jury Instruction No. 10.02
10.02 Wire Fraud (18 U.S.C. § 1343)

Counts 1-12 of the indictment charge the defendants with wire fraud. For you to find the defendants guilty of wire fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

*First*, that the defendant knowingly participated in, devised, or intended to devise a scheme to defraud in order to deprive another of money or property.

*Second*, that the scheme included a material misrepresentation or concealment of a material fact;

4

*Third*, that the defendant had the intent to defraud; and

*Fourth*, that the defendant used wire, radio or television communications and/or caused another to use wire, radio or television communications in interstate commerce in furtherance of the scheme.

Now I will give you more detailed instructions on some of these terms.

(A)   A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

(B)   The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

(C)   An act is "knowingly" done if done voluntarily and not because of mistake or some other innocent reason.

(D)   A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

(E)   To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of depriving another of money or property.

(F)     To "cause" wire, radio or television communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

(G)     The term "interstate commerce" includes wire, radio or television communications which crossed a state line.

It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme, that the material transmitted by wire, radio or television communications was itself false or fraudulent, that the alleged scheme actually succeeded in defrauding anyone, that the use of the wire, radio or television communications was intended as the specific or exclusive means of accomplishing the alleged fraud, that someone relied on the misrepresentation or false statement, or that the defendant obtained money or property for his own benefit.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendants not guilty of this charge.